Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff KIMBERLY BIRCH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BIRCH, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | COMPLAINT FOR VIOLATIONS OF: |
| NATIONWIDE CREDIT, INC., a Georgia corporation; and DOES 1-10, inclusive, | 1) THE FAIR DEBT COLLECTION PRACTICES ACT, |
| | AND |
| Defendants. | 2) THE ROSENTHAL ACT. |
| | DEMAND FOR JURY TRIAL. |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, KIMBERLY BIRCH ("Plaintiff"), is a natural person. At all relevant times, she resided in the county of Los Angeles, California.

4. Defendant NATIONWIDE CREDIT, INC. (hereinafter "NCI"), is, and at all times relevant herein was, a Georgia corporation with its principal place of business at 1661 Worthington Road, Suite100, West Palm Beach, Florida 33409.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, obtained a credit card account with American Express – or a similarly named affiliated company – for personal, family, and/or household use. A dispute arose between the credit card issuer, and Plaintiff. Plaintiff disputed that debt directly with American Express, and refused to pay it.

Without ever addressing Plaintiff's disputes, American Express contracted with at least one debt collector to collect the debt.

9. Ultimately American Express turned the disputed debt over to NCI for collection. NCI wrote a demand letter to Plaintiff on October 8, 2014, stating in part, "This communication is an attempt to collect a debt by a debt collector or consumer collection agency. . . ."

10. On October 17, 2014, Plaintiff wrote back to NCI, indicating that she had repeatedly disputed the debt with the original creditor, that she refused to pay the debt, and demanding that NCI refrain from further communication with her regarding the debt. Plaintiff mailed the cease communication letter by certified mail, return receipt requested.

11. NCI received Plaintiff's cease communication letter shortly thereafter, on or around October 20, 2014. The Domestic Return Receipt was signed by hand by an employee of NCI, who inscribed the initials "KH."

12. NCI ignored Plaintiff's request to cease communication regarding the debt. On November 7, 2014, NCI sent Plaintiff another demand letter – despite having received the prior cease communication directive – in a further attempt to collect the same debt.

13. NCI's letter of November 7, 2014, included the statement, "This communication is an attempt to collect a debt by a debt collector or consumer collection agency . . . ." The November 7, 2014, letter also stated, "If you pay the above balance and, if your creditor requires an additional amount to consider your account paid in full, we will attempt to contact you."

14. Both of NCI's letters were attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

3

COMPLAINT

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against NCI and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

    b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

    c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

    d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against NCI and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated

California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff KIMBERLY BIRCH requests a trial by jury.

DATED: November 19, 2014					Respectfully submitted,

						By: _____
						Aidan W. Butler
						Attorney for Plaintiff
						KIMBERLY BIRCH